Filed 07/15/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-01501

---

**William McGorry v. LDI Studio Condominium Association, Inc et al**

---

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss; Memorandum in Opposition; Reply to Memo in Opposition;
             Defendants Reply in Support of Motion to Dismiss; Reply of Non support of
             Motion to Dismiss (Motion: 1)
Filer:       Alexander J. Larosa; William McGorry; William McGorry; Alexander J. Larosa
Filed Date:  April 17, 2026; May 12, 2026; May 26, 2026; June 10, 2026

Plaintiff William McGorry owns two studio condominiums in Bolton Valley. He asserts several causes of action against the LDI Studio Condominium Association ("the HOA") and Bolton Valley Resort ("BVR") due to changes in bylaws of the association, the HOA's failure to make structural repairs resulting from a leaking roof and damages he allegedly suffered from an unlawful entry of a BVR employee into his unit.

LDI and BVR move to dismiss the complaint pursuant to V.R.C.P. 12(b)(6) for failure to state a claim (Mot. 1). McGorry opposes the motion. Defendants have counsel. McGorry represents himself.

For the reasons that follow, the court grants in part and denies in part defendants' motion (Mot. 1).

## I.       Background

The court takes as true the facts pleaded in McGorry's complaint, making all reasonable inferences in his favor.

McGorry owns two studio condominiums at Bolton Valley and is a member of the HOA. McGorry's complaint appears to focus primarily on (1) changes to the HOA's by-laws that limit a tenant's ability to have pets, (2) the HOA's failure to repair a common area and one of his units that suffered damage from a roof leak and (3) trespass by a BVR employee into one of his units that resulted in damages.

McGorry occupies one studio unit and rents out the other. Before the HOA by-laws amendment, a tenant could own up to two dogs. McGorry had a tenant with two small well-behaved dogs who had to move out after the amendment that no longer allowed the tenant to have both dogs in the unit.

McGorry asserts that BVR has approximately 80% of the HOA voting rights. He seeks to hold BVR and the HOA liable for the damages he has suffered from his lost tenant. McGorry asserts the following causes of action based on the change in by-laws: (1) violation of Vermont's Consumer Protection Act, (2) violation of Vermont's Common Interest Ownership Act, (3) breach of contract, (4) breach of peaceful enjoyment of property, (5) conversion of property, (6) disregard of by-laws, (7) violation of civil rights under Vermont Constitution and federal Constitution, and (8) breach of equal protection and due process.

McGorry also alleges that a BVR employee unlawfully gained entry to one of his units through use of a BVR master key. That employee allegedly used McGorry's washing machine which overflowed and caused damage to McGorry's unit. The court treats this cause of action as one for trespass.

Finally, McGorry asserts that the roof over his units leaked and damaged his property. The leak no longer exists but the HOA has failed and refused to repair damage caused to a hallway and to one of his units. McGorry seeks to hold the HOA responsible for those damages.

## II.    Discussion

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). As a result, only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague*, 2019 VT 16, ¶ 11.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982), *overruled on other grounds by Muzzy v. State*, 155 Vt. 279 (1990). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.C.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id*. (citation omitted).

### A. Claims Asserted Against BRV

McGorry asserts several claims against BRV. His claims based on amendments to the HOA's by-laws or the failure of the HOA to fulfill its obligations lie against the HOA and not against its members. Under the Uniform Common Interest Ownership Act, "[a]n action alleging a wrong done by the association, including an action arising out of the condition or use of the

common elements, must be brought only against the association and not against any unit owner." 27A V.S.A. § 3-111(b).  McGorry may not assert this claim against BRV.

As for McGorry's trespass claim arising from the laundry machine incident, BRV says it has no responsibility for its employee's off-duty actions.  Mot. at 2.  See *Brueckner v. Norwich Univ.*, 169 Vt. 118, 122–23 (1999) ("Under the settled doctrine of respondeat superior, an employer or master is held vicariously liable for the tortious acts of an employee or servant committed during, or incidental to, the scope of employment.").  McGorry alleges the employee used "a BVR master key card."  Compl. at 5.  BRV may bear liability for its employee's trespass if BVR provided them the key card as part of their employment.  This claim for trespass may proceed against BRV.

## B.  Claims Against HOA

### 1.  Repairs to Common Area and McGorry's Unit

McGorry asserts numerous claims against the HOA.  He alleges the HOA has refused to make repairs to a hallway and to one of his units resulting from a roof leak.[1]  The HOA has responsibility for maintenance, repair and replacement of common elements.  27A V.S.A. § 3-107(a).  At this early stage, the court concludes McGorry has stated a claim against the HOA that satisfies the requirements of Rule 8(a).  *Davis*, 2014 VT 134, ¶ 12.  See also 27A V.S.A. § 3-111(b) (allowing tort and contract liability against HOA).

### 2.  Amendment to HOA By-laws

McGorry asserts the pet-ownership amendment imposes fines on a tenant for having a pet and wrongfully makes the owner of the unit responsible for paying the fines.  McGorry alleges this amendment violates the Vermont Consumer Protection Act, infringes on his right to make a living as protected by the Vermont Constitution and constitutes a breach of the terms of the HOA bylaws.

#### a.  *Vermont Consumer Protection Act Claim*

The Consumer Protection Act prohibits "unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce."  9 V.S.A. § 2453(a).  The Act allows recovery by a "consumer" -- "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of the person's trade or business but for the person's use or benefit or the use or benefit of a member of the person's household[.]"  *Id*. § 2451a(1).

Any allegedly unfair or deceptive act or practice "must take place in the context of [an] ongoing business in which the defendant holds [itself] out to the public."  *Foti Fuels v. Kurrle Corp.*, 2013 VT 111, ¶ 21, 195 Vt. 524 (internal quotation marks and citation omitted).  McGorry

---

[1] Defendants do not seek dismissal of the claim against the HOA for repairs.

has not alleged anything suggesting he was a "consumer" within the meaning of the Act or that the HOA engaged "in commerce" as that term has been interpreted by the courts.

### b. Vermont Constitution

McGorry asserts that the pet-ownership amendment prevents him from earning a living under the state constitution. McGorry identifies and the court has found no authority that the Constitution guarantees him the right to rent property to pet owners in violation of HOA rules. The court concludes his complaint fails to state a claim under the Vermont Constitution.

### c. Discrimination Under Vermont Law

McGorry has not set forth a cause of action for discrimination under Vermont law. Title 9 V.S.A. § 4503 makes it unlawful to refusal to rent a dwelling unit to or to discriminate against any person under certain circumstances. They do not include pet ownership. 9 V.S.A. § 4503(a)(1), (2). McGorry has not stated a claim under Title 9.

### d. Equal Protection and Due Process

A claim for a violation of equal protection or due process under the Vermont and federal constitutions requires action by the state and does not apply to conduct between private individuals or entities. See *Parker v. Town of Milton*, 169 Vt. 74, 81 (1998) ("[A]n equal protection claim must be premised on some form of discriminatory state action, either in the form of a discriminatory legislative classification or selective enforcement of a facially neutral law."); *Lamare v. N. Country Animal League*, 170 Vt. 115, 121 (1999) ("[D]ue process concerns arise whenever the state deprives an individual of an interest in the use of real or personal property.") (internal quotation marks and citation omitted). McGorry has alleged no state action in this case.

### e. Conversion of Property

"To establish a claim for conversion, the owner of property must show only that another has appropriated the property to that party's own use and beneficial enjoyment, has exercised dominion over it in exclusion and defiance of the owner's right, or has withheld possession from the owner under a claim of title inconsistent with the owner's title." *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 299 (1993) (citing *Economou v. Carpenter*, 124 Vt. 451, 453–54 (1965)). McGorry asserts none of these essential elements in his complaint and concedes he has no claim for conversion. Opp. at 8. The motion to dismiss this claim for conversion is granted.

### f. Breach of Contract

McGorry has likewise failed to state a prima facie claim for breach of contract. He alleges no agreement that the HOA breached when it passed the pet-ownership amendment. See *Conn. Invs. LLC v. KDP, LLC,*, No. 5:20-CV-179, 2023 WL 6600000, at *5 (D. Vt. Mar. 13, 2023) (Crawford, J.) ("[T]o state a claim for breach of contract, a plaintiff must show (1) 'the existence of the contract, whether express or implied'; (2) 'the breach of an obligation imposed

by that contract'; and (3) 'resultant damage to the plaintiff.'") (citation omitted).  His complaint identifies no by-law which the amendment might have breached.  See also V.R.C.P. 8 (setting forth pleading requirements).

### 3. Breach of Peaceful Enjoyment of Property

"As a general rule, a covenant of quiet enjoyment is implied in a lease of real property." *N. Terminals, Inc. v. Smith Grocery & Variety, Inc.*, 138 Vt. 389, 394 (1980) (citing *Knapp v. Town of Marlboro*, 29 Vt. 282, 286 (1857)).  A lessee has a cause of action for its breach when "there has been "(1) a substantial interference with (the lessee's) use of the demised premises; and (2) . . . (the) interference has been caused by the lessor." *Id*. at 394–95 (quoting 2 R. Powell, The Law of Real Property ¶ 225(3), at 273 (Rohan rev. ed. 1977)).  McGorry is not a lessee and, therefore, has no cause of action for any breach of peaceful enjoyment of property.  Defendants' motion to dismiss McGorry's claim for breach of peaceful enjoyment is granted.

## III.    Order

For the reasons set forth above, the court:

A.  DENIES defendants' motion to dismiss
1.  McGorry's claim against BRV for trespass;
2.  McGorry's claims against the HOA for failure to repair the hallway and his unit that allegedly suffered damage from a leaking roof; and

B.  Otherwise GRANTS defendants' motion to dismiss all other claims.

By Jul. 31, 2026, McGorry shall file a conforming amended complaint that reflects today's decision.

Electronically signed pursuant to V.R.E.F. 9(d) on July 15, 2026.

Colin Owyang
Superior Court Judge